FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 1 2005

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-N-966 (MJW)

The Prudential Insurance Company of America,
Pruco Securities, LLC and
Prudential Insurance Brokerage, Incorporated,

        Plaintiffs,

v.

Robert Coyne,

        Defendant.

## STIPULATED TEMPORARY RESTRAINING ORDER

Upon consideration of the Plaintiffs' Complaint For Injunctive Relief, Motion for Temporary Restraining Order and Preliminary Injunction, the Declaration of Dena Fisher dated May 27, 2005, and attachments thereto, and having considered the arguments of counsel, the Court finds as follows:

It is **ORDERED, ADJUDGED** and **DECREED** that:

    1    Defendant Coyne, and anyone working with or for Coyne or for the entity with which he is currently affiliated, are temporarily enjoined and restrained, directly or indirectly, and whether alone or in concert with others, from:

        (a)    soliciting any business from, or initiating any contact with, any client whom Coyne served or whose name became known to him during the

course of his association with Prudential, or causing, assisting or inducing any client or contract holder of Prudential, Prudential Property and Casualty Insurance Company ("PRUPAC") and/or any affiliate of Prudential or PRUPAC, or any person whose name became known to Coyne during the course of his association with Prudential, to discontinue, terminate or withdraw values from any policy, annuity, contract, service or product of any kind of Prudential, PRUPAC and/or any affiliate of Prudential or PRUPAC, or any policy sold by Prudential and/or any affiliate of Prudential or PRUPAC, or to purchase services or products that compete, directly or indirectly, with those sold or serviced by Prudential and/or any affiliate of Prudential;

using, disclosing or transmitting for any purpose any confidential or proprietary information belonging to Prudential, PRUPAC and/or any affiliate of Prudential or PRUPAC, or which Prudential, and/or any affiliate of Prudential is obligated to protect, including but not limited to the names, addresses, and telephone numbers of customers and their financial information;

destroying any of the records or client information of Prudential, PRUPAC and/or any affiliate of Prudential or PRUPAC; and

(d) using the same business telephone and business fax numbers that Coyne used while he was associated with Prudential. Specifically,

Coyne shall immediately disconnect telephone number 303-456-9915 and fax number 303-456-1064 with no forwarding message.

2.    That Coyne is further ordered to deliver any and all original Prudential records and software, copies or other reproductions thereof, and any other documents containing information derived from those records, in whatever form including electronic or computerized versions, to be held in escrow at the office of his attorney, Andrew Schauer, Esq. of the law firm, Krys Boyle, P.C., 600 17th St., Suite 2700S, Denver, CO 80202-5427, until further direction from the Court and to purge any computerized materials and documents and information derived therefrom from the possession, custody or control of Coyne or anyone working with or for Coyne or the entity with which he is now affiliated, within twenty-four hours of notice to Coyne or his counsel of the terms of this Order; provided, however, that any computerized materials, documents and/or information so purged shall be printed prior to purging and returned to be held in escrow at the office of his attorney, Andrew Schauer, Esq. of the law firm, Krys Boyle, P.C., 600 17th St., Suite 2700S, Denver, CO 80202-5427, in the same manner and within the same time period set herein

3     That this temporary restraining order is binding upon Coyne, his agents, servants, employer, any entity with which Coyne is affiliated, and those in active concert or participation with them who receive actual notice of this Order.

4.  That this Order remain in full force and effect until the Court rules on Plaintiffs' Motion unless extended.

5.  That the parties be directed to proceed with arbitration in accordance with Rule 10335 of the NASD Code of Arbitration Procedure.

6  Nothing in this Agreement shall be deemed to be an admission of any Party with respect to the subject matter of the Action or any Action related to the Action, and nothing herein shall be used in any such manner or as evidence regarding any showing required for a temporary restraining order or preliminary injunction.

7.  That Coyne shall appear on June *15*, 2005 at *1:30* ~~a.m.~~/p.m. and show cause why this Order should not be extended and a Preliminary Injunction hearing be scheduled; and that his opposition papers, if any, shall be served no later than June *3*, 2005, and that Prudential's reply papers shall be served no later than June *7*, 2005.

This Order is issued this *1* day of ~~May~~ June, 2005

IT IS SO ORDERED

_____
JUDGE, UNITED STATES DISTRICT COURT